UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,
an Illinois Corporation,

    Plaintiff,
v.                        Case No.: 8:11-cv-2630-T-33TGW

PREMIUM ASSIGNMENT CORPORATION,
a Florida Corporation,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Evanston Insurance Company's Request for Judicial Notice (Doc. # 46), filed on July 27, 2012. Evanston certifies that it has conferred with counsel for Defendant Premium Assignment Corporation, who has no objection. The Motion is granted for the reasons stated herein.

Pursuant to Federal Rule of Evidence 201, Evanston requests that the Court take judicial notice of the following pleadings, motions, order and other filings that were filed, served, entered or docketed in the Circuit Court of the Thirteen Judicial Circuit in and for Hillsborough County, Florida, Case No. 05-4373:

1)   Amended Complaint and Demand for Jury Trial, dated September 2, 2005;

-1-

2) Second Amended Third-Party Complaint of Evanston Insurance company, dated September 10, 2008;

3) Premium Assignment Corporation's Amended Answer, Affirmative Defenses and Demand for Jury Trial as to Third-Party Evanston's Second Amended Complaint, dated May 26, 2010;

4) Notice of Service of Answers to Interrogatories, served by Premium Assignment Corporation, dated November 4, 2008;

5) Motion for Summary Judgment, filed by Premium Assignment Corporation, dated May 2, 2006;

6) Third-Party Plaintiff Evanston Insurance Company's Opposition to the Motion of Premium Assignment Corporation for Summary Judgment, dated May 24, 2007;

7) Plaintiff's Memorandum Opposing Defendant's Motion for Summary Judgment including Motion to Strike Affidavits, dated November 26, 2007;

8) "Corrected" Motion for Summary Judgment of Plaintiffs, Kenneth DeLorey and Norma Jean DeLorey, dated July 11, 2008;

9) Evanston Insurance Company's Motion for Leave to File its Supplemental Opposition to Third-Party Defendant Premium Assignment Corp.'s Motion for Summary Judgement, dated

September 12, 2008;

10) Premium Assignment Corporation's Amended Motion for Summary Judgment, dated June 10, 2010;

11) Third-Party Plaintiff Evanston Insurance Company's Memorandum of Points and Authorities in Opposition to Third-Party Defendant Premium Assignment Corporation's Amended Motion for Summary Judgment, dated July 28, 2010;

12) Facts Stipulated for Purposes of the Partial Summary Judgment Motions on Issues Concerning Fla. Stat. Ann. § 627.848(1)(c) & (1)(d), dated February 25, 2011;

13) Third-Party Plaintiff Evanston Insurance Company's Memorandum of Points and Authorities in Support of its Partial Motion for Summary Judgement on Fla. Stat. §§ 627.848(1)(c) and (1)(d), dated February 25, 2011;

14) Premium Assignment Corporation's Motion for Partial Summary Judgment and Supporting Memorandum of Law, dated February 25, 2011 (exhibits not attached); and

15) Order Granting Evanston Insurance Company's Motion for Partial Summary Judgment and Denying Premium Assignment Corporation's Motion for Partial Summary Judgment, entered March 16, 2011.

**<u>Analysis</u>**

Rule 201(d) of the Federal Rules of Evidence states, "A

court shall take judicial notice if requested by a party and supplied with the necessary information." In this case, Evanston has supplied the Court with a copy of each document that it requests the Court judicially notice. (Doc. ## 44-45).

"It is recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal quotations and citations omitted). Accordingly, the Court takes judicial notice of the fact that the aforementioned proceedings occurred, and notes the subject matter thereof. The Court does not take judicial notice of any factual findings, arguments or legal conclusions advanced within these documents.[1]

---

[1] As stated in Jones, 29 F.3d at 1553:

In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. Id. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous. Id. Moreover, to deprive a party of the right to go to the

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Evanston Insurance Company's Request for Judicial Notice (Doc. # 46) is **GRANTED** consistent with the foregoing.

**DONE** and **ORDERED** in chambers in Tampa, Florida, this 20th day of November 2012.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

---

jury with his evidence where the fact was not indisputable would violate the constitutional guarantee of trial by jury.