UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

EVANSTON INSURANCE CO.,

    Plaintiff,

v.                              CASE NO.: 8:11-cv-2630-T-33TGW

PREMIUM ASSIGNMENT CORP.,

    Defendant.
_____/

**ORDER**

    Premium Assignment Corp. served Evanston Insurance Co. with an offer of judgment, which purported to settle any and all claims, including costs and attorneys' fees; Evanston rejected the offer. Premium Assignment, after receiving a favorable judgment pursuant to a bench trial, now moves for attorneys' fees. Evanston contends that the offer of judgment was ambiguous, thereby precluding Premium Assignment from collecting attorneys' fees. After reviewing the governing law, this Court finds for the reasons below that Premium Assignment's offer of judgment is ambiguous and accordingly denies Premium Assignment's Motion for Attorney Fees.

I.  **Background**

In a prior state court action, Kenneth and Norma Jean DeLorey sued Evanston for breach of an insurance contract and bad faith. (Doc. # 1 at ¶ 40). Evanston impleaded Premium Assignment as a third-party defendant for indemnity, contribution, and equitable subrogation. (Id. at ¶ 41; Doc. # 39). Evanston reached a mediated settlement with the DeLoreys for $500,000.00 but did not reach a settlement with Premium Assignment. (Doc. # 1 at ¶ 61).

On March 22, 2011, after five years of litigation between Evanston and Premium Assignment, and on the eve of a trial in state court, Evanston voluntarily dismissed its claims against Premium Assignment without prejudice. (Doc. # 4 at ¶ 4).

Thereafter, on November 22, 2011, Evanston filed the present action against Premium Assignment and based jurisdiction on diversity pursuant to 28 U.S.C. § 1332. (Doc. # 1). In this action, Evanston sought indemnity, equitable subrogation, and equitable contribution from Premium Assignment. In response to the Complaint, Premium Assignment filed its Motion to Stay Proceedings Pending Award and Payment of Costs of Voluntarily Dismissed State

Court Action Pursuant to Rule 41(d), Fed. R. Civ. P. (Doc. # 4).

After two hearings, this Court, on March 23, 2012, granted Premium Assignment's Motion to Stay and ordered Evanston to pay a total sum of $29,000.00, which constituted the recoverable attorneys' fees and costs accrued in the prior state court litigation. (Doc. # 26).

On March 30, 2012, Premium Assignment served Evanston with an Offer of Judgment. (Doc. # 92-1). The Offer of Judgment sought to resolve all claims asserted by Evanston, including any and all claims for costs and attorneys' fees. (Id. at ¶ 2). The Offer of Judgment specifically addressed attorneys' fees as follows:

> There are no claims asserted by EVANSTON INSURANCE COMPANY for attorneys fees in this action, however, the Offer of Judgment described herein and the amounts to be paid include payment of any interest, costs and attorneys fees incurred through the date of this Offer of Judgment.

(Id. at ¶ 6) (emphasis added). But Evanston did, in fact, assert two different claims for attorneys' fees in its Complaint. (Doc. # 1 at 24, ¶¶ 2-3).

Evanston rejected the Offer of Judgment and, on April 11, 2012, paid Premium Assignment $29,000.00 as ordered by

3

the Court. (Doc. #29). Subsequently, on November 11, 2012, the Court entered summary judgment in Premium Assignment's favor as to Evanston's indemnity claim. (Doc. # 56). Shortly thereafter, Evanston voluntarily withdrew its equitable contribution claim. (Doc. # 89 at 2). Finally, after conducting a bench trial, the Court entered judgment in Premium Assignment's favor on Evanston's final claim, for equitable subrogation, on March 26, 2013. (Doc. # 90). At this juncture, Premium Assignment seeks an award of attorneys' fees based on its tender, and Evanston's rejection, of the Offer of Judgment. (Doc. # 93).

## II. Analysis

When federal jurisdiction is based on diversity, this Court applies the forum state's substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). The Eleventh Circuit has determined that Florida's Offer of Judgment Statute (Fla. Stat. § 768.79) and Florida's procedural rule implementing such Statute (Fla. R. Civ. P. 1.442) are substantive law. Horowitch v. Diamond Aircraft Indus., Inc., 645 F.3d 1254, 1258 (11th Cir. 2011) ("Horowitch I").

### A. Florida's Offer of Judgment Statute

Florida Statute § 768.79 provides for the recovery of reasonable costs and attorneys' fees incurred by a

4

defendant in any civil action for damages, if the defendant serves an offer of judgment that is rejected by the plaintiff. Any such offer of judgment must "state whether the proposal includes attorneys' fees and whether attorneys' fees are part of the legal claim." 1.442(c)(2)(F), Fla. R. Civ. P. The Florida Supreme Court has held: "Both Section 768.79 and rule 1.442 are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that a court strictly construe both the statute <u>and</u> the rule." <u>Diamond Aircraft Indus., Inc. v. Horowitch</u>, 107 So. 3d 362, 376 (Fla. 2013) (emphasis original) (citations omitted) ("<u>Horowitch II</u>").

The complaint in <u>Horowitch I</u> asserted a claim for attorneys' fees, which necessitated the inclusion of a paragraph explicitly addressing attorneys' fees in the offer of judgment; however, the offer did not include such a paragraph. 645 F.3d at 1257. Finding a conflict in Florida law, the Eleventh Circuit certified the following question to the Florida Supreme Court:

> Under Fla. Stat. § 768.79 and Rule 1.442, is a defendant's offer of judgment valid if, in a case in which the plaintiff demands attorney's fees, the offer purports to satisfy all

5

> claims but fails to specify whether attorney's fees are included and fails to specify whether attorney's fees are part of the legal claim?

645 F.3d at 1262. The Florida Supreme Court in Horowitch II answered "in the negative" by holding that the defendant was not entitled to attorneys' fees, because the offer, by not stating whether the offer included attorneys' fees and if such fees were part of plaintiff's legal claim, did not strictly comply with Rule 1.442. 107 So. 3d at 376.

In so holding, the Horowitch II Court distinguished – and questioned the continuing validity of – Bennett v. American Learning Systems of Boca Delray, Inc., 857 So. 2d 986 (Fla. 4th DCA 2003). 107 So. 3d at 377-378. In Bennett, the lower court held a general offer purporting to settle all claims to be broad enough to encompass any claims, including attorneys' fees. 857 So. 2d at 988. The Horowitch II Court disagreed with Bennett by noting that Rule 1.442(c) does not state its requirements "may" be followed; rather it states that its requirements "shall" be followed. Horowitch II, 107 So. 3d at 377.

Moreover, the Horowitch II Court noted that Bennett was decided four years before Campbell v. Goldman, 959 So. 2d 223, 227 (Fla. 2007). 107 So. 3d at 377. The Campbell

Court held: "strict construction is applicable to both the substantive and procedural portions of the rule and statute[;]" moreover, "all portions must be strictly construed." 959 So. 2d at 227. Justice Pariente concurred and stated, "parties will now be on notice that all 't's' must be crossed and 'i's' dotted." Id. at 227 (Pariente, J. concurring) (internal quotations original).

The Court also finds the analysis contained in Benitez v. Joseph Trucking, Inc., No. 2007-CA-012568-O, 2010 WL 8880494 (Fla. 9th Cir. Ct. Aug. 4, 2010), to be helpful. There, a defendant served an offer of judgment, which the plaintiff rejected. After the entry of judgment in its favor, the defendant sought costs and attorneys' fees pursuant to Section 768.79 and Rule 1.442. Id. However, the offer contained a typographical error. Id. After discussing the interpretative history of Rule 1.442, the Benitez court determined that a typographical error, which to the court did not seem to affect the offer's contextual meaning, was nevertheless sufficient to invalidate the offer as ambiguous. Id.

The Benitez court also noted a split between Florida's First and Third District Courts of Appeal (comparing, e.g., Jefferson v. City of Lake City, 965 So. 2d 174 (Fla. 1st

7

DCA 2007) (holding a typographical error did not invalidate an offer) with Milton v. Reyes, 22 So. 3d 624 (Fla. 3d DCA 2009) (establishing a rigid standard without exceptions to Rule 1.442)) and thus relied on the most recent and applicable decision rendered by the Florida Supreme Court: Campbell. That the Florida Supreme Court just this year, in Horowitch II, reaffirmed Campbell is indicative of the validity of Benitez's interpretation of Florida law.

**B.  Premium Assignment Corp.'s Offer is Invalid**

As stated above, Horowitch II requires a court to strictly construe both Section 768.79 and Rule 1.442; strict construction means, in the colloquial sense, all of an offer's terms must have "t's" crossed and "i's" dotted. Campbell, 959 So. 2d at 227 (Pariente, J. concurring).

Here, Premium Assignment's Offer of Judgment purports to settle any and all claims, including costs and attorneys' fees. (Doc. # 92-1). However, in the paragraph attempting to comply with Rule 1.442(c)(2)(F), Premium Assignment incorrectly stated Evanston asserted no claim for costs and attorneys' fees. (Doc. # 92-1). Therefore as in Benitez, where a single typographical error caused an ambiguity, here the factual error in Premium Assignment's

Offer of Judgment is sufficient to create an ambiguity and thus invalidate the Offer of Judgment.

Moreover, Premium Assignment's statement that "the Offer of Judgment described herein and the amounts to be paid include payment of any interest, costs and attorneys fees incurred through the date of this Offer of Judgment" (Id. at ¶ 6.) is insufficient to save the Offer of Judgment from invalidation under Horowitch II, Campbell, and Benitez. It would be an odd interpretation of the foregoing jurisprudence to require strict compliance with Rule 1.442(c)(2)(F), while simultaneously allowing for factual errors.

The Court acknowledges that Rule 1.442 "does not demand the impossible." State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1069, 1079 (Fla. 2006). Yet, it cannot be faithfully said that requiring a defendant to correctly indicate whether a complaint asserts a claim for costs and attorneys' fees is demanding the impossible.

### III. Conclusion

Because the Florida Supreme Court requires strict construction of Florida's Offer of Judgment Statute and Rule 1.442, Premium Assignment's Offer of Judgment, which contains a factual error as to whether Evanston demanded

9

attorneys' fees in its Complaint, is ambiguous and is therefore not enforceable.

Accordingly it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Premium Assignment's Motion for Attorney Fees (Doc. # 93) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of June, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record